IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerod J. Cook, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:14-1938-RMG |
| vs. | ) |
| | ) |
| Lt. Jordon Williams, | ) |
| | ) **ORDER** |
| Defendants. | ) |
| | ) |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 41) and motion to dismiss (Dkt. No. 52) and Plaintiff's motion to be allowed additional time to respond to Defendant's Request to Admit (Dkt. No. 64). The Magistrate Judge issued a Report and Recommendation ("R & R") on April 17, 2015 recommending that the Defendant's motions for summary judgment and to dismiss be denied and Plaintiff's motion to be allowed additional time to respond to the Defendant's Requests to Admit be granted. (Dkt. No. 69). Defendant filed objections to the R & R and Plaintiff filed a reply. (Dkt. No. 72, 74).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or the recommendations made by the magistrates." 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416

-1-

F.3d 310, 315 (4th Cir. 2005).

    The facts in this matter are vigorously disputed by the parties. Plaintiff is a prisoner housed at the Gilliam Psychiatric Hospital at Kirkland Correctional Institution proceeding *pro se*, and Defendant Lt. Jordon Williams is a correctional officer employed at the South Carolina Department of Corrections. Plaintiff alleges in his verified complaint that he was engaged in a verbal exchange with Defendant that resulted in the Defendant uttering a racially charged remark at him, opening the window to his cell, spraying him with 50 grams of chemical munitions and slamming the window shut. (Dkt. No. 1 at 5-6). Plaintiff alleges that his finger was in the window when Defendant slammed it shut, which resulted in the breaking of the finger and severe pain. (*Id.*). Plaintiff alleges a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. (*Id.* at 8). Defendant denied Plaintiff's allegations in his answer and argued that there could not be a valid constitutional claim because the injury to Plaintiff's finger was an accident and there was no intent to harm. (Dkt. No. 18 at 1-3, 41-1 at 5).

    In the course of the discovery period, Defendant, represented by counsel, propounded certain Requests to Admit to Plaintiff which he failed to timely respond as required under the Federal Rules of Civil Procedure. Plaintiff, then acting *pro se* and housed in a psychiatric hospital, admitted failing to timely file responses to the Requests to Admit but advised the Court that he was "physically unable to respond" because he was undergoing "medication changes" and had no access to "pen or paper" or his "legal mail." (Dkt. No. 64). Defendant argued that Plaintiff's failure to timely respond to the Requests to Admit operated to deem all of the requested admissions as admitted, which then entitled Defendant to summary judgment as a

matter of law. (Dkt. No. 41-1 at 6).

The Magistrate Judge ably addressed the factual and legal issues presented by Defendant's motion for summary judgment and the Court finds it unnecessary to address the issues more fully herein. The Magistrate Judge recommended that the Court recognize Plaintiff's responses in discovery and pleadings as the functional equivalent of a motion to withdraw admissions under Fed. R. Civ. P. 36(b) and that he be allowed additional time to file responses, as requested in Plaintiff's motion for an extension of time to complete discovery. (Dkt. No. 69 at 5-8, 15 n. 3; Dkt. No. 64). The Magistrate Judge further recommended that Defendant's motion for summary judgment be denied because of material factual disputes regarding essentially every element under the four part test in *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). (Dkt. No. 69 at 9-11). Further, the Magistrate Judge recommended the denial of qualified immunity because of the existence of material factual disputes critical to addressing the qualified immunity issue. (*Id.* at 11-13). Finally, the Magistrate Judge recommended that Defendant's motion to dismiss be denied because dismissal of the action for untimely discovery responses was unduly harsh and unnecessary since the Plaintiff had subsequently provided additional discovery that Defendant characterized as having been made in "good faith." (*Id.* at 13-15; Dkt. No. 65). The Magistrate Judge recommended that the motion to dismiss (Dkt. No. 52) be denied as moot and Defendant be allowed to file another dispositive motion if necessitated by the subsequent discovery filings of Plaintiff. (Dkt. No. 69 at 15-16).

Defendant has filed objections to the Magistrate Judge's R & R that essentially reargue the very same points presented to the Magistrate Judge in support of his dispositive motions. (Dkt. No. 72). The Court, like the Magistrate Judge, finds these arguments unpersuasive and it is

unnecessary to simply repeat herein Defendant's arguments already ably and thoroughly addressed by the Magistrate Judge.

After a careful review of the entire record before the Court, the briefs of the parties, the R & R of the Magistrate Judge and relevant legal authorities, the Court (1) **ADOPTS** the R & R (Dkt. No. 69) as the order of the Court; (2) **DENIES** Defendant's motion for summary judgment (Dkt. No. 41) and motion to dismiss (Dkt. No. 52); and (3) **GRANTS** Plaintiff's motion to enlarge time to file responses to Defendant's Requests to Admit (Dkt. No. 64). By separate order, the Court intends to appoint counsel for Plaintiff. Responses to Defendant's Requests to Admit shall be due within 30 days following the order appointing counsel, and a failure to timely respond will result in the requests being deemed admitted, as provided under Fed. R. Civ. P. 36(a)(3).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 1, 2015
Charleston, South Carolina