UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| JEROD J. COOK #282755, | ) | Case No. 5:14-cv-1938-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S REPLY TO** |
| vs. | ) | **PLAINTIFF'S RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| LT. JORDAN WILLIAMS, | ) | **MOTION FOR ENTRY OF** |
| | ) | **CONFIDENTIALITY ORDER** |
| Defendant. | ) | |
| | ) | |

Pursuant to this District's published procedures for obtaining a Confidentiality Order, the Defendant, Lt. Jordan Williams ("Defendant"), by and through his undersigned counsel, has moved for the entry of a Confidentiality Order (ECF No. 91) and proposed using the District's standard Confidentiality Order red-lined to reflect specific protections for certain documents (ECF No. 91-2, "Proposed Order"). Plaintiff had earlier indicated "he was not opposed to the entry of a confidentiality order" (ECF No. 88 at 2); however, he now objects to the issuance of such an order. Defendant respectfully submits this Reply to Plaintiff's Response in Opposition to Defendant's Motion for Protective Order ("Response"). ECF No. 97.

Defendant is specifically requesting the Proposed Order to ensure certain documents that may be produced in this litigation be treated confidentially due to their contents, and that a very specific classification of documents be produced only to Plaintiff's counsel. The issuance of such an order is authorized by Federal Rule of Civil Procedure 26(c)(1)(G) if the moving party can show good cause. *See In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998) (discussing entry of protective orders and showing required by both the party seeking protective order and the party seeking disclosure); *see also Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (M.D.N.C. 1991) (good cause requires party to show that requested material is treated confidentially and

Page 1 of 8

that harm will occur without the protective order).  In moving for the Proposed Order, Defendant does not waive any other objection it has raised (ECF No. 88-2 and ECF No. 92) or may raise regarding the production of documents through discovery in this matter.

**I.      There Is Good Cause for the Proposed Order Because the Information Defendant Seeks to Protect Is Confidential and Requires Protection.**

Plaintiff, who is an inmate currently in the custody of the South Carolina Department of Corrections ("SCDC"), is seeking certain internal SCDC documents through discovery.  The Proposed Order would cover any documents the parties or the Court determines are confidential including, but not limited to, the internal policies and procedures of SCDC and certain SCDC documents containing personal information.[1]

As background, the internal policies of SCDC are sensitive documents because they govern all SCDC operations. Their release is subject to certain restrictions, dependent upon the classification of the policy requested.  It is SCDC's policy that inmates are never to be allowed possession of any SCDC policy.  Certain SCDC polices are restricted, and are so marked in their titles with the notation "RESTRICTED" (the "Restricted Policies").[2]  Restricted Policies, or portions thereof, may be never be shown or provided to an inmate.  All non-restricted policies are available to any inmate for viewing at their institutional law library, but no inmate is allowed to retain copies of any SCDC policy.

The need for this security is obvious: SCDC is charged with safely and securely maintaining a population of convicted felons, including many inmates with lengthy histories of violent behavior who maintain constant adversarial attitudes towards SCDC employees.  SCDC's policies help ensure the inmate population, SCDC employees, visitors to its institutions, and the

---

[1] Plaintiff has requested numerous SCDC internal documents which contain personal information of non-parties and the Defendant, including, but not limited to, personnel files of SCDC employees and documents containing personal information of other inmates.
[2] *See* Exhibit A, Defendant's Privilege Log for SCDC Policies.

general public are kept safe and secure. Restricted Policies contain highly sensitive information and directly relate to the security of SCDC and its institutions. Access to Restricted Policies is limited because allowing non-SCDC staff, including, but not limited to, inmates, to review their contents may provide undue insight into safety and security procedures enacted for the purpose of protecting officers, staff, visitors and inmates. There is potential harm to SCDC because such insight could then be used to more effectively counter the techniques and procedures utilized under those policies, an important concern given the general adversarial environment intrinsic to the penological relationship between SCDC's inmates and staff.

The Proposed Order contains specific language related to the production of all SCDC policies designed to maintain the *status quo* related to the disclosure of SCDC policies. Absent this lawsuit, Plaintiff, an SCDC inmate, would be allowed to access any non-restricted policy, but would not be allowed to keep a permanent copy of it and would <u>never</u> be allowed access to any Restricted Policies. In essence, Defendant is seeking to designate Restricted Policies as "attorney eyes only" documents. The Proposed Order also maintains the *status quo* as it relates to other documents that this order may cover, such as internal SCDC documents containing personal information other than the Plaintiff's, because Plaintiff would not ordinarily be allowed access to those documents.

## II.     **The Requested Information Contains Confidential Information Which Is Not Publicly Available.**

Plaintiff first argues that the issuance of a protective order would be inappropriate because the records are "certain policies and procedures otherwise available to the public." ECF No. 97 at 3. In support of that argument, Plaintiff argues the requested information would be publicly available under South Carolina's Freedom of Information Act, S.C. Code § 30-4-10, *et seq*. ("SC FOIA"). Plaintiff further cites to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd

Cir. 1994), where the Third Circuit Court of Appeals found that the district court did properly exercise discretion in denying non-party media entities' motions to intervene and reconsider, vacate or modify a confidentiality order. In so ruling, the court held "where it is <u>likely that information is accessible under a relevant freedom of information law</u>, a strong presumption exists against granting or maintaining an order of confidentiality whose scope would prevent disclosure of that information pursuant to the relevant freedom of information law." *Id.* at 791 (emphasis added).

Plaintiff's reliance upon *Pansy* is misplaced because the requested information would <u>not</u> be available under the relevant freedom of information law. SC FOIA contains specific carve-outs for information related to security, such as SCDC's policies. *See* S.C. Code Ann. § 30-4-20(c) (2006, as amended) (excluding from the definition of a public record subject to SC FOIA "<u>information relating to security plans and devices</u> proposed, adopted, installed or utilized by a public body…is required to be closed to the public and is not considered to be made open to the public under the provisions of this act.") (emphasis added); *see also* S.C. Code Ann. § 30-4-70(a)(3) (2006, as amended) (specifically designating that a public body may hold a meeting closed to the public if it is about "the development of security personnel or devices."). SC FOIA also contains a specific carve-out related to the release of public documents which contain personal information. *See* S.C. Code Ann. § 30-4-40(a)(2) (2006, as amended) (exempting from disclosure under SC FOIA "[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy"). Neither Plaintiff nor the public would normally have access to the requested information because it is specifically excluded from disclosure under SC FOIA.

**III.     Established Case Law Supports Protecting Similar Confidential Information.**

In this case, the Proposed Order is narrowly tailored such that the only documents to be afforded Attorney Eyes Only protection are the Restricted Policies. Plaintiff would be allowed access and the ability to fully review all other documents covered by the Proposed Order. In designating only the Restricted Policies as Attorney Eyes Only, the Proposed Order strikes the proper balance between allowing the Plaintiff, through his counsel, to utilize the documents to pursue his case while affording the necessary protection for the Restricted Policies, which are highly sensitive, confidential internal documents that are not publicly available and directly touch on the safety and security of anyone who resides in, works at or visits an SCDC correctional institution.

There is ample case law supporting the Proposed Order's treatment of Restricted Policies as "attorney eyes only" documents. Protective orders designating documents "attorney eyes only" are common in litigation involving confidential commercial information. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-72 (9th Cir. 1992) (affirming a protective order denying in-house counsel's access to discovery marked for attorney eyes only), *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 242–43, 247. (D. Kan. 2010) (finding good cause for the designation of some discovery as for attorney eyes only and prohibiting access by a named plaintiff to documents designated attorney eyes only), *GTE Prod. Corp. v. Gee*, 112 F.R.D. 169 (D. Mass. 1986) (finding information regarding prices, customers and sales could be disclosed to counsel, but not to opposing party), *Davidson Pipe Co. v. Laventhol and Horvath*, 120 F.R.D. 455 (S.D.N.Y. 1988) (finding protective order limiting disclosure of confidential information regarding plaintiff's tax returns and offshore operations to only parties' attorneys was warranted). A protective order using "attorney eyes only" has also been used to prevent

even attorneys at the same firm representing a party from viewing sensitive information in an anti-trust lawsuit. *See Maderazo v. Vanguard Health Sys.*, 241 F.R.D. 597, 600 (W.D. Tex. 2007) (holding that protective order restricting access to confidential materials by attorneys at a firm representing plaintiff who were also retained by plaintiff for matters unrelated to the pending litigation). "Attorney eyes only" protection has also been recognized as valid for classified information in criminal cases, where a defendant's rights are generally afforded the highest level of protection. *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 115–30 (2d Cir. 2008) (holding that it was proper to restrict access to classified information to only criminal defendants' attorney, not the defendants themselves).

## IV.     The Proposed Order Would Not Impact Plaintiff's Ability to Prosecute His Case.

Plaintiff further argues that a confidentiality order is inappropriate because Defendant failed to demonstrate why Plaintiff should be completely precluded from accessing documents that are relevant to his case. As noted above, that argument is limited only to a small sub-set of documents, the Restricted Policies, and should not be the grounds to deny the entry of a protective order. Plaintiff also argues he would be prejudiced should Defendant's proposed Confidentiality Order be entered because it "would prohibit Plaintiff's counsel from effectuating responsibilities owed to the Plaintiff" and that the Plaintiff would be prevented "from meaningful participation in his case." ECF No. 97 at 7. Plaintiff's counsel also cites to their obligations under the Rules of Professional Conduct to support the denial of the Confidentiality Order. "A fundamental tenant [sic] of the attorney-client relationship is that counsel must keep clients well-informed about the status of their cases."[3] *Id.* This argument, which is also limited only to the Restricted Policies, is also without merit. As discussed earlier, there are numerous examples

---

[3] Plaintiff is presumably citing to Rule 1.4(a)(3), South Carolina Rules of Professional Conduct, Rule 407, South Carolina Appellate Court Rules.

where courts have entered protective orders restricting access to certain information to only a party's attorney(s), even in criminal cases where a defendant's constitutional rights are generally given greater protection due to the potential infringement of a criminal defendant's freedom. Finally, regarding Plaintiff's counsel's concerns about their obligations to Plaintiff, Comment 7 to Rule 1.4 specifically notes "Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client.  Rule 3.4(c) directs compliance with such rules and orders."  Rule 1.4, RPC, Rule 407, SCACR, cmt. 7.  As noted above, Defendant's narrowly tailored Proposed Order would have little to no impact on Plaintiff's prosecution of this case, as his counsel would have access to and the ability to utilize the Restricted Policies in the prosecution of Plaintiff's case.  Nor would the Proposed Order prohibit Plaintiff's counsel from discussing the utilization of the Restricted Policies in basic, general terms; i.e., at trial we will argue that Defendant's behavior did not comport with SCDC's Use of Force policy.

Simply put, Plaintiff's request to access the Restricted Policies should not override SCDC's legitimate concern that one of its inmates be granted access to its confidential, secure policies that govern the safety and security of its institutions.  Ordinarily, Plaintiff would never be allowed to access a Restricted Policy.  Plaintiff's ability to prosecute his case will not be hindered because appointed counsel will have full access to the Restricted Policies, and will be able to utilize them in this litigation.  Moreover, much more complex litigation has been successfully handled with the same safeguards proposed by Defendant.

[*CONCLUSION AND SIGNATURE ON NEXT PAGE*]

## **CONCLUSION**

Defendant has shown good cause for the issuance of the Proposed Order, which is narrowly tailored to properly balance SCDC's interests in protecting confidential information with Plaintiff's interest in prosecuting his case. Because Plaintiff has failed to offer any compelling reason against a confidentiality order, this Court should grant Defendant's motion and enter the Proposed Order.

                              Respectfully submitted,

                              CORRIGAN & CHANDLER LLC

                              By: s/ EUGENE P. CORRIGAN III
                              EUGENE P. CORRIGAN III, Fed ID # 1593
                              Email: rick@corriganchandler.com
                              J. MATTHEW JOHNSON, Fed ID # 11391
                              Email:  matt@corriganchandler.com
                              P.O. Box 547
                              Charleston, SC 29402
                              Phone:  843-577-5410
                              Fax:  843-577-5650

January 19, 2016                  ATTORNEYS FOR THE DEFENDANT LT. JORDAN WILLIAMS