UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerod J. Cook, | ) | Civil Action No.: 5:14-cv-01938-RMG-KDW |
|              Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Lt. Jordan Williams, | ) | |
|              Defendant. | ) | |

Plaintiff, an inmate in the South Carolina Department of Corrections ("SCDC"), brought an action for damages pursuant to 42 U.S.C. § 1983 alleging the use of excessive force in violation of the Eighth Amendment. This matter is before the court[1] on Defendant's Motion for a Confidentiality Order containing an "attorney's eyes only" provision. ECF No. 91; 91-2 (Defendant's Proposed Confidentiality Order). Plaintiff filed a Response in Opposition to Defendant's Motion on January 6, 2016, ECF No. 97, and Defendant filed a Reply on January 19, 2016, ECF No. 98. This court held a hearing via telephone on February 10, 2016.[2] At issue are certain SCDC policies requested by Plaintiff that Defendant asserts are either irrelevant or entitled to heightened protection due to their sensitive nature. *See* ECF No. 98-1(Defendant's Privilege Log for SCDC Policies). The court heard arguments from the parties; at the conclusion of the hearing the court took the matter under advisement and instructed Defendant to file the six pertinent SCDC policies with the court for in-camera review. Defendant filed the policies in accordance with the court's instruction on February 17, 2016. The court has since reviewed the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

[2] The court was to also consider Plaintiff's Motion to Compel, ECF No. 88, however Plaintiff withdrew his motion based on Defendant's supplemental responses to discovery.

policies and, for the reasons set forth in this Order, grants Defendant's Motion for a Confidentiality Order.

I. Restricted SCDC Policies-Crisis Intervention and Use of Force Policies

In his Motion for Confidentiality Order, Defendant argues that certain "Restricted" SCDC policies should be kept strictly confidential because of potential harm if their contents were disclosed to inmates or non-SCDC staff. ECF No. 98 at 3. The two restricted policies at issue in this case are SCDC's "Placement of Inmates in Crisis Intervention" and "Use of Force" policies. Defendant objects to the production of these policies without an "attorney's eyes only" provision and argues that Plaintiff should not be allowed access to these policies. Defendant also objects to production of the "Placement of Inmates in Crisis Intervention" policy on the basis of relevance.

Upon review the court finds that these policies contain guidelines and directives for the management and security of inmates and SCDC personnel in certain crisis situations and are not subject to public production under South Carolina's Freedom of Information Act.[3] The court finds that Defendant has satisfied his burden of showing potential harm if these policies are disclosed to non-SCDC staff. The court further finds that the "Placement of Inmates in Crisis Intervention" policy is not relevant to Plaintiff's claim and therefore Defendant is not required to produce it to Plaintiff. Portions of the "Use of Force" policy—specifically Sections 1, 2, 3, 4, 6, 16, 21, and 22—are potentially relevant to Plaintiff's claim. Defendant may produce the policy in its entirety or may produce a redacted version. Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and for good cause shown, the undersigned finds that the "Use of

---

[3] S.C. Code Ann. § 30-4-20(c) ("Information relating to security plans and devices proposed, adopted, installed, or utilized by a public body, other than amounts expended for adoption, implementation, or installation of these plans and devices, is required to be closed to the public and is not considered to be made open to the public under the provisions of this act.").

Force" policy must be produced to Plaintiff's counsel subject to the "attorney's eyes only" provision of the Proposed Confidentiality Order.

II. Non-Restricted Policies

Defendant argues that although SCDC inmates have access to the four remaining SCDC policies at issue,[4] these policies should be kept confidential. ECF No. 98 at 3-5. Defendant objects to the production of all four policies on the basis of relevance. The court has reviewed these policies and finds that the "Controlled Inmate Movement" policy is irrelevant to Plaintiff's claim and, therefore, Defendant is not required to produce it to Plaintiff. However, the court finds that the "Mental Health Services" policy, the "Special Management Unit" policy, and portions of the "Inmate Recreation Services" policy—specifically Sections 8.1, 8.4.7, 8.7, and 9—are potentially relevant to Plaintiff's claim. Accordingly, Defendant may produce a redacted version of the "Inmate Recreation Services" policy and is instructed to produce the "Mental Health Services" and "Special Management Unit" policies in their entirety subject to the provisions of the Proposed Confidentiality Order.[5]

**IT IS SO ORDERED.**

February 23, 2016                                             Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

---

[4] "All non-restricted policies are available to any inmate for viewing at their institutional law library, but no inmate is allowed to retain copies of any SCDC policy." ECF No. 98 at 2.

[5] Based on the court's ruling herein, the Confidentiality Order as proposed by Defendant will be entered as the Confidentiality Order in this matter.