UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerod J Cook, | ) | C/A No: 5:14-cv-01938-KDW |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| Lt. Jordan Williams, | ) | |
| Defendant. | ) | |

On October 25, 2016, the court conducted a status conference with the parties at which time the parties proposed revisions to the already-extended scheduling order deadlines and assured the court they would be able to meet the deadlines contained in their proposal. *See* ECF No. 137. Rarely will the court find it appropriate to amend a scheduling order five times; however, after consultation with the parties, the court entered the **Fifth** Amended Scheduling Order on November 22, 2016. Fifth Am. Scheduling Order, ECF No. 146. That Order instructs the parties to have completed requested depositions on or before December 31, 2016, and further instructs that "[i]n no event shall a deposition take place after February 27, 2017, without leave of court." ECF No. 146. Additionally, the Order instructs the parties to complete mediation by February 27, 2017. *Id.*

The court has recently become aware—only after the clerk's recent inquiry to counsel—that the parties have failed to comply with the Fifth Amended Scheduling Order, and have, to date, failed to *schedule* Plaintiff's deposition or mediation. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours,* 867 F. Supp. 1238, 1250 (D.S.C. 1994). **As indicated in the Fifth Amended Scheduling Order, the jury selection deadline is April 15, 2017. Pretrial**

**disclosures pursuant to FRCP 26(a)(3) are due 30 days prior to jury selection (March 15, 2017)**. ECF No. 146. The court notes there is a pending Motion for Default Judgment, *see* ECF No. 149, to which Defendant has not responded.[1]

**No later than March 10, 2017,** the parties are to have consulted and are to provide the court with a joint status report regarding their intent and ability to proceed in this matter as currently scheduled.

**IT IS SO ORDERED.**

March 3, 2017                                                                                   Kaymani D. West
Florence, South Carolina                                                              United States Magistrate Judge

---

[1] The Civil Justice Reform Act ("CJRA") "places substantial burdens on everyone involved in litigation in district courts. The CJRA requires district courts to manage litigation with a view toward reducing delay and cost in bringing cases to trial. In this regard, the CJRA sets time limits that are to be met by the trial courts for all pre-trial proceedings and ultimately trial. 28 U.S.C. § 473(a)(2)(B)." *United States v. Diamond Indust., Inc.*, 145 F.R.D. 48, 49 (D. Del. 1992); *see Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 475 (4th Cir. 1993) (citing the CJRA and noting that "[t]rial courts are under constant pressure to dispose of the business of the court . . . and are criticized when they take too much time in disposing of cases.") (Britt, D.J., dissenting). This case was filed on May 15, 2014, ECF No. 1, and is fast-approaching the three-year time limit set by the CJRA.